IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DOROTHY BROCK-BURCHETT**                                      **PLAINTIFF**

vs.                                    No. 4:20-cv-___ DPM

**MCNEW FABRICATION, INC.,**                          **DEFENDANTS**
**and JEFFREY MCNEW**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Dorothy Brock-Burchett ("Plaintiff"), by and through her attorneys Vanessa Kinney and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against McNew Fabrication, Inc., and Jeffrey McNew (collectively "Defendants"), she does hereby state and allege as follows:

### I.    JURISDICTION AND VENUE

1.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff proper overtime compensation for all hours that Plaintiff worked.

2.    Plaintiff also brings this action under state breach of contract and unjust enrichment law for declaratory judgment, monetary damages, prejudgment and post-judgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' breach of a promissory note to Plaintiff.

3.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.     Plaintiff's breach of contract and unjust enrichment claims form part of the same case or controversy and arise out of related facts to the AMWA and FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's breach of contract and unjust enrichment claims pursuant to 28 U.S.C. § 1367(a).

6.     Defendants conduct business within the State of Arkansas.

7.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

8.     The acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.     THE PARTIES

9.     Plaintiff is an individual and resident and domiciliary of Saline County.

10.     Separate    Defendant    McNew    Fabrication,    Inc.    ("McNew Fabrication"), is a domestic, for-profit corporation.

11.     McNew Fabrication's registered agent for service is Jeffrey McNew, at 6 Snowden Circle, Greenbrier, Arkansas 72058.

12.     Separate Defendant Jeffrey McNew ("McNew") is an individual and domiciliary of Arkansas.

13.     Defendants        maintain        a        website        at http://www.mcnewfabrication.com/About_Us.html.

### III.     FACTUAL ALLEGATIONS

14.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15.     McNew is an owner, principal, officer and/or director of McNew Fabrication.

16.     McNew manages and controls the day-to-day operations of McNew Fabrication, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week.

17.     Defendants provide welding and fabrication services out of their shop in Greenbrier.

18.     During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that

had been moved in or produced for commerce by any person, such as welding and fabrication tools.

19.     Each Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

20.     In the course of her work for Defendants, Plaintiff regularly handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce, including office supplies such as paper, pens, and computers, all of which were manufactured outside of the State of Arkansas for sale in other states, including the State of Arkansas, and all of which were necessary to the job duties that Plaintiff performed for Defendants.

21.     During each of the three years preceding the filing of this Original Complaint, each Defendant continuously employed at least four (4) employees.

22.     Plaintiff was employed by Defendants as a salaried employee from March of 2016 to November of 2019.

23.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and AMWA.

24.     At all relevant times herein, Defendants were Plaintiff's "employer" within the meaning of the FLSA and AMWA.

25.     At all times material herein, Plaintiff was misclassified by Defendants as salaried, exempt from the overtime wage protections of the FLSA, 29 U.S.C. § 207, and the AMWA Ark. Code Ann. § 11-4-211.

26.     During the period relevant to this lawsuit, Plaintiff worked as an office manager for Defendants.

27.     At all relevant times herein, Defendants directly hired Plaintiff to work in their office, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

28.     As office manager, Plaintiff was responsible for accounts payable, sending invoices, and answering the phone.

29.     Plaintiff did not have the authority to hire or fire any other employee.

30.     Plaintiff was not asked to provide input as to which employees should be hired or fired.

31.     Plaintiff did not exercise independent judgment in carrying out her duties.

32.     Defendants did not pay Plaintiff one and one-half (1.5) her regular rate for all hours worked over forty (40) in a week.

33.     Plaintiff regularly worked more than forty (40) hours in a week during the relevant time period.

34.     At all relevant times herein, Defendants have deprived Plaintiff of sufficient overtime compensation for all of the hours she worked over forty (40) per week.

35.     Defendants knew or showed reckless disregard for whether their actions violated the FLSA and the AMWA.

36.     On January 6, 2018, the Plaintiff and Defendants entered a contract by which Plaintiff agreed to loan to Defendants, and Defendants agreed to repay with interest, the principal amount of $365,000.00.

37.     McNew entered the contract on behalf of himself individually and on behalf of McNew Fabrication in his role as President.

38.     According to the terms of the parties' contract, Defendants were required to repay the total principal amount, plus interest, by no later than September 1, 2018.

39.     As of the filing of Plaintiff's Original Complaint, Defendants have failed and refused to repay the total principal amount plus interest.

40.     Since September 1, 2018, Plaintiff has made repeated demands on Defendants for payment, but Defendants have failed and refused to do so.

41.     There is no basis for Defendants' refusal to comply with the terms of the parties' contract.

42.     Plaintiff has fully complied with her obligations under the contract, including loaning Defendants $365,000.00.

## IV.     FIRST CAUSE OF ACTION
### (Claim for Violation of the FLSA)

43.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

45.     At all times relevant to this Complaint, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

46.     At all times relevant to this Complaint, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

47.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

48.     At all times relevant times to this Complaint, Defendants misclassified Plaintiff exempt from the overtime requirements of the FLSA.

49.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

50.     Defendants' failure to pay Plaintiff all overtime wages owed was willful.

51.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this.

### V.     SECOND CAUSE OF ACTION
### (Claim for Violation of the AMWA)

52.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

53.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

54.     At all times relevant to this Complaint, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

55.     AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

56.     At all times relevant to this Complaint, Defendants misclassified Plaintiff as exempt from the overtime requirements of the AMWA.

57.     Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

58.     Defendants' failure to pay Plaintiff all overtime wages owed was willful.

59.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VI.     THIRD CAUSE OF ACTION
### (Claim for Breach of Contract)

60.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

61.     Defendants are both competent parties, capable of entering into a contract.

62.     Defendants entered into a contract with Plaintiff whereby Plaintiff agreed to loan funds and Defendants agreed to repay all funds loaned with interest by a certain date.

63.     Defendants failed to comply with their obligations under the parties' contract and repay the loan with interest despite demand by Plaintiff.

64.     Defendants' failure to repay the loan as agreed was willful and in bad faith.

65.     By reason of the breach of contract alleged herein, Defendants are liable to Plaintiff for monetary damages in the total amount of unpaid principal plus prejudgment and post-judgment interest, as well as costs, including reasonable attorneys' fees as provided for by the parties' agreement.

## VII.     FOURTH CAUSE OF ACTION
### (Claim for Unjust Enrichment)

66.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

67.     In the alternative to breach of contract, Defendants have been unjustly enriched by Plaintiff's act of loaning funds to Defendants.

68.     By informing Plaintiff that they intended to repay the amounts loaned by Plaintiff plus interest, Defendants induced Plaintiff to loan $365,000.00 to Defendants, which Defendants then used for their own personal benefit.

69.     Plaintiff loaned the money to Defendants from her own personal funds and expected that it would be repaid as Defendants represented.

70.     By failing to re-pay Plaintiff for the total amount of the loan plus interest, Defendants obtained a substantial benefit and were unjustly enriched to the detriment of Plaintiff.  Such conduct was detrimental to Plaintiff.

71.     Defendants' conduct was willful and not the result of mistake or inadvertence.

72.     It would be inequitable for Defendants to retain the benefits received.

73.     As a direct result of Defendants' unlawful, unjust and inequitable conduct, Plaintiff has suffered injury, incurred damages and financial loss.

74.     Defendants should be required to repay the total principal amount along with prejudgment and post-judgment interest.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Dorothy Brock-Burchett respectfully prays as follows:

A.     That each Defendant be summoned to appear and answer herein;

B.     Declaratory judgment that Defendants' practices alleged herein violate the FLSA and the AMWA;

C.     Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and the AMWA;

D.     Judgment for liquidated damages pursuant to the FLSA and AMWA;

E.    Judgment for monetary damages, including prejudgment and post-judgment interest, for Defendants' breach of contract or, alternatively, unjust enrichment;

F.    For a reasonable attorney's fee, costs, and all interest; and

G.    Such other relief as this Court may deem just and proper.

Respectfully submitted,

**DOROTHY BROCK-BURCHETT,
PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Vanessa Kinney
Ark. Bar No. 2008030
vanessa@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com