IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DOROTHY BROCK-BURCHETT                                          PLAINTIFF

v.                          No. 4:20-cv-374-DPM

MCNEW FABRICATION, INC.
and JEFFREY MCNEW                                              DEFENDANTS

1.     Brock-Burchett's motion *in limine*, Doc. 42, is partly granted and partly denied as specified below. The trial will be about the wage claims, particularly the administrative exemption, not about the parties' many other disputes arising out of this employment relationship. *Compare* Order, Doc. 30 at 2, in *Wolfe v. Arafa*, No. 5:17-cv-245-DPM. There is a caveat for impeachment. For example: If Brock-Burchett testifies that she was at work on day X, but evidence exists that she was elsewhere, Defendants may impeach her. But, the impeachment must be in terms that do not explicitly or implicitly bring the gambling or alleged embezzlement issues into the case—*e.g.*, "you were in Hot Springs on April 5th," rather than "you were at Oaklawn."

- **Worker's Compensation Claim**

Partly granted and partly denied with directions. Brock-Burchett's oral and written statements about what she was paid are admissible. Fed. R. Evid. 401 & 801(d)(2)(A). The parties should keep the proof about the worker's compensation context to a minimum.

The Court will consider giving a limiting instruction about that if Brock-Burchett requests one.

- **Checks and Cash Withdrawals**

Granted. McNew is entitled to offer proof that Brock-Burchett could and did write checks and make cash withdrawals. But it should limit that proof to payroll checks and generic evidence that she had broad authority to write checks to others and withdraw cash. The alleged embezzlement would confuse the jury and be unfairly prejudicial. Fed. R. Evid. 403.

- **Unauthorized Debit and Credit Card Transactions**

Granted. McNew should limit its proof to authorized debit and credit card transactions done by Brock-Burchett. The unfair prejudice of offering proof of any unauthorized transactions substantially outweighs its probative value. Fed. R. Evid. 403.

- **Documents and Equipment**

Granted with directions. Any evidence that Brock-Burchett possessed and used the documents and equipment is relevant and admissible. But evidence that she kept the documents and equipment isn't. Fed. R. Evid. 401.

- **Gambling Activities**

Granted with directions. McNew can offer evidence that Brock-Burchett had the company debit and credit cards and used them.

But the unfair prejudice of offering proof of the gambling activities substantially outweighs its probative value. Fed. R. Evid. 403.

- **Attorney's Fees**

Granted without objection.

- **Brock-Burchett's Counsel**

Granted without objection.

2.   Brock-Burchett's motion to adjust pretrial deadlines, *Doc. 46*, is denied as moot.

3.   Pretrial conference set for 10:00 a.m. on 10 May 2023 in Little Rock in Courtroom 1A.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

28 April 2023