IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DOROTHY BROCK-BURCHETT**                                          **PLAINTIFF**

vs.                                   No. 4:20-cv-374-DPM

**MCNEW FABRICATION, INC.,**                                  **DEFENDANTS**
**and JEFFREY MCNEW**

<u>**PLAINTIFF'S PRETRIAL DISCLOSURE SHEET**</u>

Plaintiff Dorothy Brock-Burchett, by and through her attorneys Sean Short and Josh

Sanford of the Sanford Law Firm, PLLC, for her Pretrial Disclosure Sheet does hereby state

as follows:

     **1.**     **Identity of the party submitting information.**

Plaintiff Dorothy Brock-Burchett, by and through her attorneys of the Sanford Law

Firm, PLLC.

     **2.**     **Names, addresses, and telephone numbers of all counsel for the**

**parties.**

Sean Short and Josh Sanford of Sanford Law Firm, PLLC, Kirkpatrick Plaza, 10800

Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, Telephone: (501) 221-

0088, Facsimile: (888) 787-2040; Emails: colby@sanfordlawfirm.com and

josh@sanfordlawfirm.com.

     **3.**     **A brief summary of the claims and relief sought.**

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et*

*seq.*, and the Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-201 *et seq.*, for unpaid

minimum and overtime wages. The FLSA and AMWA require employers to pay each

employee a minimum hourly wage for all hours worked in a week and an overtime premium for all hours worked over forty per week. 29 U.S.C. §§ 206, 207; A.C.A. §§ 11-4-210–211. Defendant McNew Fabrication, Inc. ("McNew Fabrication"), and Defendant Jeffrey McNew ("McNew") (collectively "Defendants") operate a welding and fabrication services business out of their shop in Greenbrier, Arkansas. Defendants employed Plaintiff as an office manager from March of 2016 until November of 2019.

Plaintiff asserts that Defendants misclassified Plaintiff as exempt from minimum wage and overtime protections under the administrative exemption to the FLSA and AMWA. However, Plaintiff's job duties and pay structure did not qualify her for the exemption. Plaintiff regularly worked in excess of forty hours per week, but Defendants failed to pay Plaintiff overtime premiums for her hours worked over forty per week. In addition, Defendants wholly failed to pay Plaintiff anything during some weeks even though Plaintiff performed work, making Plaintiff's effective hourly rate was $0.00.

Accordingly, Plaintiff seeks to recover damages in the form of unpaid minimum wages, unpaid overtime, liquidated damages, attorneys' fees, and costs as provided for by 29 U.S.C. § 216(b) and A.C.A. § 11-4-218. Plaintiff seeks to recover for a three-year period due to Defendants' willfulness in misclassifying Plaintiff as exempt to avoid paying Plaintiff the required minimum and overtime wages.

**4.    Prospects for settlement.**

The Parties attended a settlement conference in this case before the United States Magistrate Judge, but were unable to make any meaningful progress. Settlement prior to trial is unlikely.

**5.    The basis for jurisdiction and objections to jurisdiction.**

Plaintiff seeks relief under the FLSA, 29 U.S.C. 201 *et seq.* Therefore, this Court has original jurisdiction of this action under 28 U.S.C. § 1331. Plaintiff also seeks relief under the AMWA, which is within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The acts complained of in Plaintiff's First Amended and Substituted Complaint— Collective Action were committed and had their principal effect within the Eastern District of Arkansas. Thus, venue is proper within this District pursuant to 28 U.S.C. § 1391.

**6.      A list of pending motions.**

There are currently no motions pending before this Court.

**7.      A concise summary of the facts.**

Defendants operate a welding and fabrication services business out of their shop in Greenbrier, Arkansas. McNew is the President of McNew Fabrication and is in charge of hiring and firing employees, disciplining employees, company policies and other areas of the daily operation of his business.

Defendants employed Plaintiff as an office manager from March of 2016 until November of 2019. Defendants misclassified Plaintiff as exempt from the minimum wage and overtime protections of the FLSA and purported to pay Plaintiff a salary. However, Plaintiff's job duties did not qualify her for the administrative exemption to the FLSA claimed by Defendants. The work Plaintiff performed for Defendants involved preparing and sending out invoices on accounts receivable, receiving invoicing on accounts payable, writing checks for and mailing out or delivering payments owed on accounts payable, processing payroll, making purchases, filing, running business errands, and tracking supplies and inventory purchased. Plaintiff also ran personal errands for and at the direction of McNew.

Moreover, the way Plaintiff's pay was structured did not qualify as a "salary" as that term is defined by the FLSA and AMWA. Plaintiff's paychecks reflect inconsistent weekly amounts throughout 2017, 2018, and 2019. In addition, Defendants frequently did not pay Plaintiff for entire weeks during which Plaintiff worked. Missing paychecks are reflected in records of Defendants' wage payments, including check dates February 17, 24, 2017; August 4, 11, 2017; September 15, 22, 2017; April 20, 2018; May 4, 2018; February 22, 2019; March 1, 8, 15, 2019; April 5, 12, 19, 2019; May 10, 2019; June 21, 28, 2019; July 5, 12, 19, 2019; August 16, 23, 2019. Therefore, Defendants did not pay Plaintiff a guaranteed minimum amount each week as required by the "salary" standard of the administrative exemption.

Because Plaintiff's job duties and pay structure did not meet the applicable standards to qualify for the administrative exemption, Defendants were required to pay Plaintiff minimum and overtime wages. Even if Plaintiff did qualify for the administrative exemption, Defendants lose the exemption in any weeks in which they did not pay Plaintiff.

Plaintiff regularly worked in excess of forty hours per week, but Defendants failed to pay Plaintiff overtime premiums for her hours worked over forty per week. Accordingly, Plaintiff is entitled to overtime wages for all hours worked per week. Plaintiff estimates that she worked an average of 45 to 55 hours per week. In addition, during those weeks that Defendants wholly failed to pay Plaintiff anything at all, Plaintiff is entitled to receive at least minimum wage plus overtime for all hours worked. Defendant intentionally categorized Plaintiff as "exempt" so as to avoid the minimum wage and overtime requirements of the FLSA and AMWA.

**8.    All proposed stipulations.**

A.     The United States District Court for the Eastern District has subject matter
       jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because
       this suit raises federal questions under the FLSA.

B.     This Court has supplemental jurisdiction over Plaintiff's AMWA claims
       pursuant to 28 U.S.C. § 1367(a).

C.     Plaintiff was a citizen of the United States and resident of and domiciled in
       the State of Arkansas at the time of the filing Plaintiff's Original Complaint.

D.     McNew Fabrication conducts business within the State of Arkansas.

E.     McNew Fabrication qualifies as a covered "employer" as that term is defined
       by the FLSA and AMWA.

F.     Defendants operate a welding and fabrication services business out of their
       shop in Greenbrier, Arkansas.

G.     McNew Fabrication's annual gross volume of sales made or business done
       was not less than $500,000.00 (exclusive of excise taxes at the retail level
       that are separately stated) during each of the three calendar years preceding
       the filing of the Original Complaint.

H.     In the course of performing her work for McNew Fabrication, Plaintiff regularly
       handled, sold, or otherwise worked on goods or materials that had been
       moved in or produced for interstate commerce.

I.     Plaintiff participated in interstate commerce as part of her job by ordering
       supplies that have been produced and purchased out-of-state.

J.     At all times relevant to this action, McNew Fabrication employed at least four
       individuals on a full time basis.

K.    McNew Fabrication is subject to the provisions of the FLSA and AMWA.

L.    Plaintiff is covered by the minimum wage and overtime protections of the FLSA and AMWA.

M.    McNew is an owner and President of McNew Fabrication.

N.    Defendants, acting through McNew, hired Plaintiff to work for Defendants with the job title of "office manager."

O.    McNew exercised control over the day-to-day operations of McNew Fabrication, making all decisions regarding hiring, firing, employee discipline, company policies and the conditions under which Plaintiff labored for Defendants.

P.    McNew set Plaintiff's wages.

Q.    McNew assigned Plaintiff her work-related tasks.

R.    Plaintiff communicated directly with McNew for work-related tasks.

S.    Plaintiff took directions regarding work-related tasks directly from McNew and from no one else.

T.    Plaintiff was employed by Defendants from approximately March of 2016 until November of 2019.

U.    The work Plaintiff performed for Defendants involved preparing and sending out invoices on accounts receivable, receiving invoicing on accounts payable, writing checks for and mailing out or delivering payments owed on accounts payable, processing payroll, making purchases, filing, running business errands, and tracking supplies and inventory purchased.

V.     Defendants classified Plaintiff as exempt from the minimum and overtime wage provisions of the FLSA and AMWA for the entirety of her employment.

W.     Defendants did not track or maintain records of Plaintiff's hours worked.

X.     The admissibility of the following exhibits:

     a.  ADP Payroll Records for Plaintiff.

     b.  Damages calculations.

**9.     The issues of fact expected to be contested.**

A.     The number of hours Plaintiff worked each week.

B.     Plaintiff's job duties and the amount of time devoted to Plaintiff's various job duties.

**10.     The issues of law expected to be contested.**

A.     McNew's employer status under the FLSA and AMWA.

B.     Whether Plaintiff was misclassified as exempt under the administrative exemption to the FLSA and AMWA, including but not limited to:

     i)     Whether Defendants paid Plaintiff a "salary;"

     ii)    Whether Plaintiff's primary job duty for Defendants includes the exercise of discretion and independent judgment with respect to matters of significance.

C.     The applicable statute of limitations (willfulness).

D.     Liquidated damages (i.e., whether Defendants acted in objective and subjective good faith in failing to compensate Plaintiffs as required under the FLSA).

E.     The amount of damages owed to Plaintiff.

**11.    A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Plaintiffs expect to offer the following exhibits:

A.    Payroll records, including those included at ECF No. 29-7 and ECF No. 22-2.

B.    Plaintiff's W-2's from McNew Fabrication

C.    Damages calculations.

Plaintiff may offer the following exhibits:

A.    Any and all documents received from Defendants or produced by Plaintiff in Discovery;

B.    Any and all documents filed in this case.

**12.    The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Plaintiff expects to call Plaintiff and McNew in his individual capacity and in his capacity as representative of McNew Fabrication.

Plaintiff may call any person identified by Defendants in Defendants' disclosures and discovery responses.

**13.    The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Discovery has been completed.

**14.    An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiffs estimate that the trial of this matter can be accomplished in two (2) six-hour days. The proposed stipulations in Paragraph 8 above are offered in order to expedite the disposition of this action.

Respectfully submitted,

**DOROTHY BROCK-BURCHETT, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Ste. 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com