IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DOROTHY BROCK-BURCHETT**　　　　　　　　　　　　　　**PLAINTIFF**

vs.　　　　　　　　　　　　No. 4:20-cv-374-DPM

**MCNEW FABRICATION, INC.,**　　　　　　　　　　　　　　**DEFENDANTS**
**and JEFFREY MCNEW**

### MOTION FOR RECONSIDERATION OF FINAL ORDER

Plaintiff Dorothy Brock-Burchett ("Plaintiff"), through undersigned counsel, and for her Motion for Reconsideration, does state and allege as follows:

1. This case went to trial on June 6 and the Court entered its final Order and Judgment on June 7. ECF Nos. 64, 65.

2. The Court found that the administrative exemption to the FLSA applied to Plaintiff's work for Defendants and thus her FLSA and AMWA claims fail. ECF No. 64.

3. Plaintiff respectfully requests this Court reconsider its final Order pursuant to Rule 60(b)(1), which allows the Court to relieve a party from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect."

4. The Court found that Plaintiff's duties qualified her for the administrative exemption and that she is not owed additional compensation for overtime worked.

5. **This motion is limited to a request for reconsideration regarding the weeks in which Plaintiff performed work for Defendants for which she was not paid.**

6. The federal regulations state that "an exempt employee *must receive* the full salary for any week in which the employee performs any work without regard to the number of days or hours worked." 29 C.F.R. § 541.602(a)(1) (emphasis added).

7. The regulations further state that "An employee is not paid on a salary basis if deductions from the employee's predetermined compensation are made . . . by the operating requirements of the business." 29 C.F.R. § 541.602(a)(2).

8. At trial, Plaintiff testified that she was not paid during certain workweeks because there was no money with which to pay her. Defendants did not contest this assertion and indeed the Court acknowledged from the bench the lack pf payment. Thus, her lack of payment was due to the operating requirements of the business, and she was not compensated on a salary basis for those weeks.

9. Because Defendants improperly reduced Plaintiff's salary to $0.00 during 21 weeks of her employment, Defendants have lost the benefit of the administrative exemption for those weeks. 29 C.F.R. § 541.603(b) ("If the facts demonstrate that the employer has an actual practice of making improper deductions, the exemption is lost during the time period in which the improper deductions were made.").

10. Courts examine the potential application of all exemptions on a week-by-week basis.

11. Therefore, for the 21 weeks for which Plaintiff was not compensated for her work, Plaintiff is entitled to at least minimum wage for the first 40 hours of labor plus an overtime premium for any additional hours.

WHEREFORE, premises considered, Plaintiff prays that the Court reconsider its final Order denying Plaintiff compensation for the weeks for which she was not paid, and for all other relief to which Plaintiff may be entitled, whether specifically prayed for or not.

Respectfully submitted,

**PLAINTIFF DOROTHY BROCK-BURCHETT**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com