IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DOROTHY BROCK-BURCHETT**                                               **PLAINTIFF**

vs.                                      No. 4:20-cv-374-DPM

**MCNEW FABRICATION, INC.,**                                             **DEFENDANTS**
**and JEFFREY MCNEW**

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to this Court's Order and Judgment, respectively, Plaintiff's job duties qualified her for the administrative exemption of the FLSA and her Complaint is dismissed with prejudice. ECF Nos. 64, 65. The Court's Order does not address the 21 weeks during which Plaintiff performed compensable work but was not paid her regular salary. Plaintiff respectfully requests reconsideration of dismissal regarding her claims exclusively for the weeks for which she received no compensation under Rule 60(b).

### I. STANDARD OF REVIEW

While "[r]elief under Rule 60(b) is limited," a Court may grant a request for reconsideration "upon an adequate showing of exceptional circumstances." *Vient v. Wehco Media, Inc.*, No. 4:20-cv-01219 KGB, 2022 U.S. Dist. LEXIS 164302, at *2-3 (E.D. Ark. Sep. 12, 2022) (quoting *Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 927 (8th Cir. 1997); *United States v. Tracts 10 & 11 of Lakeview Heights*, 51 F.3d 117, 120 (8th Cir. 1995)). This Court has previously used a characterization of Rule 60(b) adopted by the Sixth Circuit: a court may grant relief "(1) when a party has made an

Page 1 of 5
Dorothy Brock-Burchett v. McNew Fabrication, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-374-DPM
Brief in Support of Plaintiff's Motion for Reconsideration

excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Id*. (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002).

## II.  ARGUMENT

While the FLSA exempts certain employees from the minimum wage and overtime provisions of 29 U.S.C. § 206, 207, employers are not excused from paying their salaried employees proper compensation under the FLSA. According to the federal regulations, exempt employees "**must receive** the full salary for any week in which the employee performs any work without regard to the number of days or hours worked." 29 C.F.R. § 541.602(a)(1) (emphasis added). Employers are only allowed to reduce exempt employees' salaries in a few specific circumstances such as prolonged absenteeism or for disciplinary measures. 29 C.F.R. § 541.602(b). But the regulations are clear that deductions from an employee's salary "made for absences occasioned by the employer **or by the operating requirements of the business**" do not qualify as valid deductions and the employee "is not paid on a salary basis" if his or her salary is reduced for those reasons. 29 C.F.R. § 541.602(a)(2) (emphasis added).

As a penalty for making improper deductions, the employer "shall lose the exemption if the facts demonstrate that the employer did not intend to pay employees on a salary basis." 29 C.F.R. § 541.603(a). The employee must show that the employer had an "actual practice" of making improper deductions, which can be done through the consideration of several factors:

> the number of improper deductions, particularly as compared
> to the number of employee infractions warranting discipline;
> the time period during which the employer made improper
> deductions; the number and geographic location of

Page 2 of 5
**Dorothy Brock-Burchett v. McNew Fabrication, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-374-DPM**
**Brief in Support of Plaintiff's Motion for Reconsideration**

> employees whose salary was improperly reduced; the number and geographic location of managers responsible for taking the improper deductions; and whether the employer has a clearly communicated policy permitting or prohibiting improper deductions.

*Id*. Upon showing that the employer has an actual practice of improperly reducing salaries, the employer loses the benefit of the exemption during the time period in which the improper deductions were made. 29 C.F.R. § 541.603(b). The regulations further provide that the deductions must be neither "isolated" nor "inadvertent" to warrant loss of the exemption if the employer reimburses the employees for the improper deductions. 29 C.F.R. § 541.603(c).

Finally, the regulations provide a safe harbor provision for employers. If the employer has a clearly communicated policy that prohibits the deductions and includes a mechanism by which employees may lodge a complaint, and if the employer reimburses the employee for the improper deductions and makes a good faith commitment to comply going forward, then the exemption is not lost unless the employer continues to improperly deduct salaries after receiving complaints. 29 C.F.R. § 541.603(d). Employers who failed to reimburse for improper deductions or continue to make improper deductions after receiving employee complaints lose the exemption for the time period in which the improper deduction occurred. *Id*.

Defendants have lost the benefit of the administrative exemption during the pay periods in which Plaintiff received no compensation. As was made clear at trial, Plaintiff was not paid during those workweeks because Defendants had no money with which to pay her. This is clearly an improper deduction of salary due to "the operating requirements of the business," and not a valid deduction based on prolonged

Page 3 of 5
**Dorothy Brock-Burchett v. McNew Fabrication, Inc., et al.**
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-374-DPM
**Brief in Support of Plaintiff's Motion for Reconsideration**

absenteeism or discipline. 29 C.F.R. § 541.602(a)(2). Plaintiff performed compensable work during those weeks and should have been paid her full salary accordingly. 29 C.F.R. § 541.602(a)(1).

Defendants had an "actual practice" of improper salary deductions as evidenced by the number of times Plaintiff's salary was reduced and the volume at which it was reduced. This was not an "isolated or inadvertent" event: Defendants denied Plaintiff her full salary for 21 weeks of her employment. While "[t]here is no bright-line rule for how many improper deductions must be established before a court may find that an employer had an actual practice of making deductions sufficient to defeat an employer's assertion or classification of an employee as 'salaried,'" a total denial of any compensation whatsoever for 10% of Plaintiff's employment is surely sufficient. *Smith v. Pepper Source, Ltd.*, No. 5:12-CV-5027, 2013 U.S. Dist. LEXIS 72515, at *14 (W.D. Ark. May 22, 2013).

Moreover, Defendants cannot claim the safe harbor provision of 29 C.F.R. § 541.603(d): Defendants 1) did not have a clearly communicated policy that prohibits improper pay deductions, 2) did not provide a mechanism by which Plaintiff could complain about improper deductions, or 3) reimburse Plaintiff for the improper deductions. Defendants simply reduced Plaintiff's salary to $0.00 for 21 weeks of her employment because they did not have enough money to pay her. This is a wholly improper deduction of Plaintiff's salary, and Defendants should lose the benefit of the administrative exemption for those weeks.

### III.   CONCLUSION

Due to the improper deduction of Plaintiff's salary to nothing during 21 weeks of

Page 4 of 5
**Dorothy Brock-Burchett v. McNew Fabrication, Inc., et al.**
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-374-DPM
**Brief in Support of Plaintiff's Motion for Reconsideration**

her employment, Defendants have lost the benefit of the administrative exemption for those weeks. Plaintiff is owed at least minimum wage for the first 40 hours that she worked during those weeks, plus an overtime premium for any additional hours. Plaintiff respectfully requests that this Court reconsider its Order denying Plaintiff relief for the 21 weeks for which she was not paid and require Defendants to compensate Plaintiff accordingly.

        Respectfully submitted,

        **DOROTHY BROCK-BURCHETT, PLAINTIFF**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Ste. 510
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        Sean Short
        Ark. Bar No. 2015079
        sean@sanfordlawfirm.com

        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

**Page 5 of 5**
**Dorothy Brock-Burchett v. McNew Fabrication, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-374-DPM**
**Brief in Support of Plaintiff's Motion for Reconsideration**