IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DOROTHY BROCK-BURCHETT**            **PLAINTIFF**

VS.           Case No. 4:20-cv-374-DPM

**MCNEW FABRICATION, INC.,**           **DEFENDANTS**
**and JEFFREY MCNEW**

### RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER

Defendants, by and through their attorney Quincy McKinney of McKinney and McKinney, PLLC, for his response to Plaintiff's Motion To Adjust Pre-Trial Deadlines states:

1. Defendant admits the allegations contained in paragraph one of Plaintiff's Motion.

2. Defendant admits the allegations contained in paragraph two of Plaintiff's Motion. However, of great relevance, even if the administrative exemption had not applied the Court also found that Plaintiff's estimate of the amount of time she spent outside of normal work hours talking to McNew about work related issues was not born out by the evidence, specifically, the phone records that were presented contradicted Plaintiff's estimate of how much time she spent discussing work related issues after hours.

3. Defendant denies that Plaintiff is entitled to relief under the rules of civil procedure as alleged in paragraph three of Plaintiff's Motion.

4. Defendant admits the allegations contained in paragraph four of Plaintiff's Motion. Even if the administrative exemption had not applied the Court also found that Plaintiff's estimate of the amount of time she spent outside of normal work hours talking to McNew about work related

issues was not born out by the evidence, specifically, the phone records that were presented contradicted Plaintiff's estimate of how much time she spent discussing work related issues after hours.

5. Defendant denies that Plaintiff is entitled to relief under the FLSA or AMWA as alleged in paragraph five of Plaintiff's complaint.

6. Defendant admits that the quoted language in paragraph six of Plaintiff's complaint is an accurate recitation of 29 C.F.R. section 541.602(a)(1), however, Defendant denies that Plaintiff is entitled to relief under the FLSA or AMWA because as previously stated, if the Court finds that during certain weeks the Plaintiff was not paid a salary, the Court would still have to find that Plaintiff worked overtime on those weeks and the Court found instead, very specifically, that Plaintiff's estimate of the amount of time she spent outside of normal work hours talking to McNew about work related issues was not born out by the evidence, specifically, the phone records that were presented contradicted Plaintiff's estimate of how much time she spent discussing work related issues after hours. Additionally, the Court specifically noted that the Plaintiff and Defendant, at least during most of the time of her employment, had a very close-knit relationship, like family, and that their conversations were about personal issues.

7. Defendant admits that the quoted language in paragraph seven of Plaintiff's complaint is an accurate recitation of 29 C.F.R. section 541.602(a)(2), however, Defendant denies that Plaintiff is entitled to relief under the FLSA or AMWA because as previously stated, if the Court finds that during certain weeks the Plaintiff was not paid a salary, the Court would still have to find that Plaintiff worked overtime on those weeks and the Court found instead, very specifically, that Plaintiff's estimate of the amount of time she spent outside of normal work hours talking to McNew about work related issues was not born out by the evidence, specifically, the phone records that were presented contradicted Plaintiff's estimate of how much time she spent discussing work related issues

after hours. Additionally, the Court specifically noted that the Plaintiff and Defendant, at least during most of the time of her employment, had a very close-knit relationship, like family, and that their conversations were about personal issues. Also, it was shown by the evidence admitted that there were checks cut to Plaintiff which were not reflected in the ADP records, which made it uncertain as to how many and which weeks Plaintiff truly received "no pay". Further, 29 C.F.R. section 541.602(a) allows for a reduction in salary if the employee takes personal time off from work.

8. Defendant admits that Plaintiff testified there were weeks that she did not pay herself because of a lack of money, and that the Court noted this testimony, as stated in Plaintiff's allegations contained in paragraph eight, however, for all of the reasons stated above, and in Defendant's Brief in Support, Defendant denies that Plaintiff is entitled to relief.

9. For all of the reasons stated above, and in Defendant's Brief in Support, Defendant denies that Plaintiff is entitled to relief as alleged in paragraph nine of her Motion.

10. It appears that Plaintiff's recitation of the law is correct and therefore Defendant admits the allegations contained in paragraph ten of Plaintiff's Motion.

11. Defendant denies the allegations contained in paragraph eleven of Plaintiff's Motion. In addition to all other reasons stated above and Defendant's Brief in Support, there were exhibits entered showing that Plaintiff was paid payroll checks that were not processed through or reflected on the ADP report and therefore there remained questions about how many weeks Plaintiff was not paid.

12. Defendant denies all allegations not specifically admitted herein.

WHEREFORE, the Defendants respectfully requests that Plaintiff's Motion To Reconsider be denied.

Respectfully submitted,
Jeffrey McNew and McNew Fabrication, INC


By:       /s/ Quincy W. McKinney
Quincy W. McKinney 2008122
MCKINNEY & MCKINNEY, PLLC
552 Locust St
Conway, AR  72034
Office: (501) 327-1216
Fax: (501) 327-1217
quincy@mckinneyandmckinney.com


## CERTIFICATE OF SERVICE

I, Quincy McKinney, do hereby certify that a true and correct copy of the foregoing was sent to the following via electronic mail system communication on this 26th day of June 2023.

Sean Short and Josh Sanford
Sanford Law Firm, PLLC
650 South Shackleford, Suite 411
Little Rock, AR  72211
Tel: (501) 221-0088
sean@sanfordlawfirm.com
josh@sanfordlawfirm.com

/s/ Quincy W. McKinney
Quincy McKinney