IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DOROTHY BROCK-BURCHETT                        PLAINTIFF

VS.                  Case No. 4:20-cv-374-DPM

MCNEW FABRICATION, INC.,                        DEFENDANTS
and JEFFREY MCNEW

### BRIEF IN SUPPORT OF RESPONSE TO MOTION TO RECONSIDER

Defendants, McNew Fabrication, Inc, and Jeffrey McNew, by and through their attorney Quincy McKinney of McKinney and McKinney, PLLC, for their Brief in Support of Response to Plaintiff's Motion To Reconsider states:

### 1. INTRODUCTION

The Court heard testimony in this case over two days on June 6-7, 2023. On June 7, 2023 the Court made a very detailed ruling and findings and entered judgment against Plaintiff. The sole issue raised in Plaintiff's Motion To Reconsider is whether Defendant lost the benefit of the administrative exemption during 21 weeks that Plaintiff alleges she was not paid anything by McNew. During the trial evidence was presented that directly contradicted the reasonableness and accuracy of Plaintiff's estimates of the number of hours she worked each week outside of normal working hours. Plaintiff's phone records were gone through in detail and Plaintiff stipulated on the record that the months that were gone through in detail were representative of the records as a whole. Ms. Varnell testified that

there were times that she and Plaintiff would stay home and play in the pool or go shopping instead of going to work and would tell McNew that they were working from home. Ms. Varnell also testified that the conversations between Plaintiff and McNew were mostly personal and that any actual work-related conversations were relatively short, in the few minute time range. There were exhibits introduced that demonstrated that Plaintiff received paychecks that were not processed by ADP (The payroll processing company selected by Plaintiff to process Defendant's payroll). Additionally, the exhibits and testimony indicated that Plaintiff wrote herself checks outside of payroll. The evidence indicated that large deposits were made by Plaintiff, that she controlled who, when, and how much was paid, as indicated by her decision not to pay taxes.

## 2. ARGUMENT

The are several problems with Plaintiff's argument. First Plaintiff completely ignores the evidence, clearly noted by the Court, that Plaintiff's estimate of the amount of time she spent outside of normal work hours talking to McNew about work related issues was not born out by the evidence, specifically, the phone records that were presented, and Ms. Varnell's testimony contradicted Plaintiff's estimate of how much time she spent discussing work related issues after hours. Additionally, the Court specifically noted that the Plaintiff and Defendant, at least during most of the time of her employment, had a very close-knit relationship, like family, and that after normal business hours social conversations naturally occurred. Even if the Court were to find that the administrative exemption does not apply in certain weeks, the Plaintiff ignores the fact that the evidence did not support her estimates of the hours she worked and if Plaintiff never actually worked any overtime then there is no need for the exemption.

Second, there were exhibits and evidence presented that Plaintiff wrote checks to herself, that there were periods when payroll checks were issued without going through ADP and that were not on the ADP report. This evidence caused questions about how many weeks Plaintiff went without any pay. Plaintiff decided which weeks she did not receive a check and when and whether to reimburse herself.

Thirdly, it was also shown that deposits of sizable amounts were regularly deposited by the Plaintiff and that she wrote and signed almost all checks and could have easily reimbursed herself. 29 C.F.R. section 541.603(a) requires that McNew "did not intend to pay [Plaintiff] on a salary basis", subsection (b) requires that McNew have "an actual practice of making improper deductions", and finally subsection (c) states that "improper deductions that are either isolated, or inadvertent (defined as without intent) will not result in loss of the exemption." It requires an actual practice of making improper deductions to show that McNew did not intend to pay Plaintiff on a salary basis. See 29 C.F.R. section 541.603.(a). The factors to consider when trying to determine if McNew had an actual practice of making improper deductions include, but are certainly not limited to the number of improper deductions McNew made, "particularly as compared to the number of employee infractions warranting discipline;" the time frame over which McNew made any improper deductions; "the number and geographic location of employees whose salary was improperly reduced; the number and geographic location of managers responsible for taking the improper deductions;" and whether McNew "had a clearly communicated policy permitting or prohibiting improper deductions." *Id.* The facts cited above do not demonstrate that McNew Intended to deprive Plaintiff of her salary. The cash flow issues described in Court were not an "actual practice" of McNew but were genuinely isolated circumstances that McNew did not know about. Indeed Mr. McNew testified that until Plaintiff notified him that they needed money he had no idea. The evidence demonstrated that the actual

decisions on who to pay and when to pay were made by Plaintiff and not McNew, further demonstrating the lack of McNew's intent. Plaintiff, other then McNew was the only employee who did not get paid, Plaintiff was the only "manager" responsible for taking an "improper deduction". There was no policy concerning the failure of Plaintiff to pay herself when there were cash flow problems. The failure of Plaintiff to pay herself was not a disciplinary action.

### 4. CONCLUSION

The evidence clearly demonstrates that the Defendant did not lose the administrative exemption because McNew lacked any intent to improperly make deductions from Plaintiff's salary, as demonstrated by the fact that almost none of the factors to be considered indicate that McNew had an "actual practice" of making "improper deductions". Plaintiff's argument fails to address the factual questions raised about how many weeks she went without pay. Finally, even if the Court finds that McNew lost the administrative exemption Plaintiff's estimate of the hours she worked was not reasonable, credible, or supported by the evidence. Therefore, she is not entitled to compensation for working overtime hours.

Respectfully submitted,
Jeffrey McNew and McNew Fabrication, INC

By:     /s/ Quincy W. McKinney
         Quincy W. McKinney 2008122
         MCKINNEY & MCKINNEY, PLLC
         552 Locust Street
         Conway, AR 72034
         Office: (501) 327-1216

## CERTIFICATE OF SERVICE

I, Quincy McKinney, do hereby certify that a true and correct copy of the foregoing was sent to the following via electronic mail system communication on this 26th day of June 2023.

Sean Short and Josh Sanford
Sanford Law Firm, PLLC
650 South Shackleford, Suite 411
Little Rock, AR  72211
Tel: (501) 221-0088
sean@sanfordlawfirm.com
josh@sanfordlawfirm.com

/s/ Quincy W. McKinney
Quincy McKinney