IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DOROTHY BROCK-BURCHETT**                                                      **PLAINTIFF**

vs.                                    No. 4:20-cv-374-DPM

**MCNEW FABRICATION, INC.,**                                                    **DEFENDANTS**
**and JEFFREY MCNEW**

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendants' Response to Plaintiff's Motion for Reconsideration (ECF No. 71) does not provide a legitimate reason for this Court to deny Plaintiff's well-supported request. Plaintiff's request for compensation for the weeks in which she received no pay is based on Defendants' illegal practice of withholding Plaintiffs' salary. Defendants have lost the protections of the administrative exemption and Plaintiff's employment falls squarely back into the protections of the FLSA for those weeks. Plaintiff therefore has a full remedy at law for payment for the weeks in which she received no salary.

Defendants stress the irrelevant fact that the Court found Plaintiff's evidence of her overtime hours worked less than credible. Plaintiff's Motion asks this Court to reconsider its ruling regarding the weeks in which Plaintiff was not paid *at all*. Per the regulations cited in Plaintiff's Brief, Plaintiff respectfully requests an award of her full salary (not an overtime premium) for those weeks in which she was not paid. *See* 29 C.F.R. § 541.602(a)(1) ("an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours

Page 1 of 3
**Dorothy Brock-Burchett v. McNew Fabrication, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-374-DPM**
**Reply in Support of Plaintiff's Motion for Reconsideration**

worked"); 29 C.F.R. § 541.602(a)(2) ("If the employee is ready, willing and able to work, deductions may not be made for time when work is not available."). Accordingly, Plaintiff should be paid for any weeks in which she performed compensable work, which includes the 21 weeks in which Plaintiff received no pay at all.

Defendants' next argument, that Plaintiff wrote her own checks and was therefore responsible for her own lack of pay, is based on a misunderstanding of applicable law. An employer is responsible for properly compensating its employees regardless of who writes the paychecks, and Defendants may not push their own responsibility for ensuring their employees were properly paid onto Plaintiff. *See Herman v. RSR Sec. Servs.*, 172 F.3d 132, 144 (2d Cir. 1999) ("There is no right of contribution or indemnification for employers found liable under the FLSA" because "the text of the FLSA makes no provision for contribution or indemnification" and "the statute was designed to regulate the conduct of employers for the benefit of employees, and it cannot therefore be said that employers are members of the class for whose benefit the FLSA was enacted.").

Defendants' recitation of "facts" demonstrating that Defendants do not meet the criteria for losing the protections of the exemption are a mere restating of the factors listed in 29 C.F.R. § 541.603 and do not shed any additional light on the issue. Defendants withheld Plaintiff's entire salary for 21 weeks of her employment, not pursuant to a properly memorialized and implemented disciplinary scheme, but simply because they had no money to pay her. See 29 C.F.R. § 541.603(a)(2) ("An employee is not paid on a salary basis if deductions from the employee's predetermined compensation are made . . . by the operating requirements of the business."). These

**Page 2 of 3**
**Dorothy Brock-Burchett v. McNew Fabrication, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-374-DPM**
**Reply in Support of Plaintiff's Motion for Reconsideration**

salary deductions were illegal under the statute and Defendants therefore lose the protection of the administrative exemption during those weeks. Accordingly, Defendants must pay Plaintiff her full salary for the weeks in which she received no pay.

        Respectfully submitted,

        **PLAINTIFF DOROTHY BROCK-BURCHETT**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Ste. 510
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        Sean Short
        Ark. Bar No. 2015079
        sean@sanfordlawfirm.com

        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

**Page 3 of 3**
**Dorothy Brock-Burchett v. McNew Fabrication, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-374-DPM**
**Reply in Support of Plaintiff's Motion for Reconsideration**