IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DOROTHY BROCK-BURCHETT                               PLAINTIFF

v.                      No. 4:20-cv-374-DPM

MCNEW FABRICATION, INC.
and JEFFREY MCNEW                                       DEFENDANTS

ORDER

    Brock-Burchett has filed a timely motion for reconsideration of part of the Court's final ruling that the administrative exemption applies. Brock-Burchett argues that McNew is not entitled to the exemption for the weeks when Brock-Burchett didn't pay herself the agreed weekly salary because money was tight for the company. Brock-Burchett made this argument at trial. The Court rejected it. And the Court regrets its delay in revisiting the issue.

    The Court has reconsidered, but the request for a different ruling is denied. The federal regulations now cited by Brock-Burchett do not apply to our facts. Her salary was not subject to reduction based on the quality or quantity of the work she performed. She did her work well; and her pay wasn't reduced because there was less work for her to do. 29 C.F.R. § 541.602(a). She didn't pay herself the salary because the company didn't have the money to cover it. There were, moreover, no deductions "made for absences occasioned by the employer or the

operating requirements of the business." 29 C.F.R. § 541.602(a)(2). Absences were not an issue; the unpaid weeks had nothing to do with any absence by Brock-Burchett. While the regulations are clear that this exemption can be lost, the trigger is the employer's intention not to pay an employee on a salary basis. 29 C.F.R. § 541.603. The proof at trial showed the opposite: McNew intended to pay Brock-Burchett a salary. At trial, McNew (through counsel) acknowledged the obligation to make Brock-Burchett whole for the unpaid weeks, though the number of these weeks was not pinned down.

Brock-Burchett has a claim for breach of contract for the weeks she didn't get paid her salary because of the company's financial difficulties. She did not plead that claim in this case. The edges of it were litigated, but there was no motion to conform the pleadings to the proof. And the Court remains convinced that this unpaid salary is an unresolved matter of contract between the parties, not a FLSA or AMWA matter in the circumstances presented.

Motion, *Doc. 68*, denied.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

18 January 2024